Patmos Fifth Real Estate Inc. v Mazl Bldg. LLC (2019 NY Slip Op 00992)





Patmos Fifth Real Estate Inc. v Mazl Bldg. LLC


2019 NY Slip Op 00992


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


8377N 108421/11

[*1] Patmos Fifth Real Estate Inc., et al., Plaintiffs-Respondents,
v
Mazl Building LLC, et al., Defendants-Appellants, Raba Abramov, et al., Defendants. [And a Third Party Action]


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City (James E. Durso of counsel), for appellants.
Andrew T. Hambelton, New York, for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered February 15, 2018, which denied defendants Mazl Building LLC and High Line Holdings LLC's motion to amend their answer to add two counterclaims, unanimously affirmed, without costs.
Defendants' proposed counterclaim for equitable subrogation relates to their counterclaim for foreclosure of a consolidated mortgage and is barred by the applicable six-year statute of limitations (see CPLR 213[1]; see Wells Fargo Bank, N.A. v Burke , 155 AD3 668, 670 [2d Dept 2017]). The equitable subrogation claim is founded upon the interest of nonparties Avi Weiss, Batsheba Weiss, Zvi Gotian, and Hana Gotian (collectively, Weiss) in the consolidated mortgage — an interest that was previously undisclosed — which accrued when plaintiffs defaulted under the terms of the consolidated mortgage on October 1, 2009. An equitable subrogation right would place defendants in Weiss's shoes, with no greater legal rights than Weiss possessed with respect to the mortgage.
Similarly, defendants' proposed counterclaim for a declaration pursuant to RPAPL article 15 that they are the owner and holder of the 62.5% interest that Weiss held in the consolidated mortgage is time-barred.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK